■ In the Matter of MARGARET A. (ANONYMOUS), Respondent, v. NICHOLAS M. (ANONYMOUS), Appellant.— Order of filiation made by the Family Court, Suffolk County, on June 24, 1970, and order of support made by the same court on October 6, 1970, affirmed, without costs. No opinion. Hopkins, Acting P. J., Christ, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the orders and dismiss the petition, with the following memorandum: The petitioner is a married woman who in her testimony claimed she has been separated from her husband since 1960 and has not seen him since that date. By her own admission she had intercourse not only with appellant but also with another man not her husband. When the child was born she named her husband as his father. Her reason for so doing, she said, was that she did not want her child to know he was illegitimate. The only testimony of non-access came from the mouth of petitioner herself. It was not corroborated by testimony from any other source. It is hornbook law (1) that a filiation order must be based on testimony which is clear and convincing and (2) that the presumption of legitimacy is one of the strongest known to the law. In *Matter of Gray* v. *Rose* (32 A D 2d 994), the Appellate Division, Third Department, reversed a determination of the Family Court which had adjudged the appellant there to be the father of the petitioner's child. There, like here, the petitioner was a married woman. There, unlike here, the appellant did not testify and relied upon his contention " that petitioner has failed to sustain her heavy burden of proof as to the paternity of the child ", relying " on the strong

presumption of legitimacy, together with the additional contention that there was lack of proof negating access" (p. 994). In reversing, the court said (p. 995): "Here we have a valid marriage existing at the time of conception. The presumption of legitimacy of the child of a married mother is 'one of the strongest and most persuasive known to the law' (*Matter of Findlay*, 253 N. Y. 1, 7). This presumption still obtains despite the mother's separation from her husband (*Commissioner of Public Welfare* v. *Koehler*, 284 N. Y. 260). The burden cast upon the petitioner in a case of this nature is substantial. The 'evidence of paternity must be more than preponderant and must, indeed, convince "to the point of entire satisfaction" (*Commissioner of Welfare* v. *Rose*, 283 App. Div. 781; *Erie County Bd. of Social Welfare* v. *Holiday*, 14 A D 2d 832)'; *Matter of Gray* v. *Rose, supra*, pp. 140–141). Petitioner has not met this burden. She has not overcome the presumption of legitimacy. As to the issue of access, in a somewhat similar factual situation, we found that 'the record does not negate access and petitioner's testimony does not constitute clear and convincing proof of appellant's responsibility.' (*Matter of Black* v. *Brown*, 27 A D 2d 683.) Since we can perceive little to distinguish that case from the case at bar, the decision of the trial court must be reversed. It should be noted that in cases where the presumption of legitimacy is involved, the establishment of the fact of sexual intercourse with someone other than the mother's spouse does not overcome the presumption. * * * Where there is no court decree of separation or divorce, access must be clearly and convincingly negated, in the absence of proof of barriers to access arising from the residence of the husband at some improbable distance in time and space from the wife. The presumption of legitimacy concerns itself with the infant and it is in the jealous protection of his rights that the courts must require clear and convincing proof of illegitimacy beyond the factual proof of adulterous intercourse." In *Matter of Mannain* v. *Lay* (33 A D 2d 1024, affd. 27 N Y 2d 690), this court cited the *Gray* case with approval and said (p. 1024): "However, while the proof was sufficient to establish a meretricious relationship between petitioner and appellant, in our opinion it fell far short of overcoming the presumption of legitimacy by failing to negate access on the part of petitioner's husband during the period when conception must have occurred". I believe that upon this record the above cases are controlling and that we should not judicially stigmatize the child of a validly existing marriage as a bastard.